THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-292-FL

| MARY BETH T. LLOYD, | ) | |
|---|---|---|
| Plaintiff/Claimant, | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This matter comes before this court on the following motions: (1) Claimant Mary Beth T. Lloyd's ("Claimant") Motion for Judgment on the Pleadings [DE-15]; and (2) Defendant's Motion to Remand [DE-17]. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, this Court recommends granting Defendant's Motion to Remand thereby rendering moot Claimant's Motion for Judgment on the Pleadings.

## I. STATEMENT OF THE CASE

Claimant filed an application for a period of disability, Disability Insurance Benefits and Supplemental Security Income on 27 February 2004, alleging disability beginning 2 October 1999. A hearing before an Administrative Law Judge ("ALJ") was held on 27 June 2006 and a decision denying benefits was issued on 19 July 2006. On 4 December 2006, the Appeals Council vacated the decision and issued the claim to the ALJ for further administrative proceedings. A second hearing before the same ALJ was held on 15 May 2007. On 19 July 2007, the ALJ issued a second decision denying benefits. On 18 July 2008, the Appeals Council again vacated the decision, remanded the case and ordered a different ALJ be assigned to preside

over the third administrative hearing held on 6 November 2008. The alternate ALJ issued a decision denying Claimant's request for benefits on 2 December 2008. On 29 April 2009, the Appeals Council denied Claimant's request for review.

Claimant then commenced the instant action, seeking judicial review of the now final administrative decision, alleging the following errors by the ALJ: (1) failure to follow the directives of the Appeals Council pursuant to the December 2006 and July 2008 remand orders, (2) failure to consider the record in its entirety; (3) failure to consider the combined effect of all Claimant's impairments, including chronic back pain, fibromyalgia, depression, diabetes mellitus and obesity; and (4) failure to demonstrate that other work exists in the national economy which the claimant can perform. Pl.'s Mem. in Supp. of Pl.'s Mot. for J. on the Pleadings ("Pl.'s Mem.") at 5-14. [DE-15]. With respect to the directives of the Appeals Council, Claimant contends the ALJ failed to adequately explain the weight given to the opinions of Claimant's examining and treating sources, evaluate Claimant's subjective complaints based on the entire record and seek clarification from a vocational expert ("VE") regarding the effect Claimant's alleged limitations had on her occupational base. *Id.*

Upon review of Claimant's motion for judgment on the pleadings, Defendant filed a motion for remand pursuant to sentence four of 42 U.S.C. § 405(g). [DE-17]. According to Defendant's motion, Defendant seeks remand because "further fact finding and analysis is required" in this matter. [DE-17 at 2]. Within its motion, Defendant has advised the court, that upon remand, Defendant will instruct the ALJ to (1) discuss and evaluate the evidence regarding Claimant's alleged obesity, mental impairments and bursitis; (2) explain the weight given to medical opinions from Claimant's treating physicians and other sources; and (3) if Claimant is

found to require a sit and stand option, specify the frequency of the need to alternate positions. *Id.*

On 23 March 2010, Claimant responded to Defendant's motion, stating she does not oppose remand; however, Claimant requests that the court order this matter be assigned once again to a different ALJ. [DE-21]. Claimant further requests the court instruct the Appeals Council to order the ALJ to (1) hold another administrative hearing; (2) evaluate all of Claimant's impairments and limitations in combination; (3) give the proper weight to medical opinions of treating sources; (4) consider specifically "the limitation of the requirement of [] [C]laimant's need for a sit/stand option (at will) and the frequency of the requirement . . . ;" (5) consider vocational expert testimony from prior administrative hearings; and (6) conduct a proper credibility analysis. *Id.*

On 30 March 2010, Defendant filed a reply, advising that he did not oppose Claimant's request that this matter be assigned to a different ALJ. [DE-22]. Defendant advised further that the Appeals Council will order a new administrative hearing and acknowledged the ALJ's obligation to consider all of Claimant's impairments and to give proper weight to any medical source opinions. *Id.* Defendant opposes, however, language mandating that the ALJ make specific findings, and in particular, a finding regarding a sit or stand option. Defendant opposes further any requirement that the ALJ "give consideration to, or otherwise rely on, [VE] testimony from prior administrative proceedings . . . ." *Id.*

## II. DISCUSSION

Pursuant to sentence four of 42 U.S.C. § 405(g), this court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without

remanding the cause for rehearing. In this case, Defendant acknowledges the ALJ failed to apply the correct standards in evaluating Claimant's claim, and in particular, with respect to the evaluation of Claimant's impairments and medical source opinions - errors evidently not recognized by Defendant until the matter reached briefing in this Court. Accordingly, the court finds remand for rehearing, as requested by Defendant, necessary as Defendant concedes reconsideration and proper application of governing law is appropriate.

With respect to Claimant's request that the matter be assigned to a different ALJ, a third ALJ to have presided over this case, the court notes that "[t]o whom a case should be remanded is generally within the province of the Secretary's responsibility. After all, when a case is remanded, it is to the Secretary[,] with the Appeals Council acting as the Secretary's designee of his or her duties and powers." *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) (citing *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) and 20 C.F.R. §§ 404.983, 416.1483 ("When a Federal court remands a case to the Secretary for further consideration, the Appeals Council, acting on behalf of the Secretary, may make a decision, or it may remand the case to an administrative law judge . . . or return the case to the Appeals Council.")). However, courts will grant such a request where it appears that the impartiality of the ALJ is a concern. *See, e.g., Ventura v. Shalala*, 55 F.3d 900, 904 (3d Cir. 1995) (remanding to different ALJ after previous proceeding was not conducted impartially); 20 C.F.R. §§ 404.940, 416.1440 ("[A]n [ALJ] shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision."). Here, the court notes that Claimant makes no specific charge that the ALJ was biased. However, in light of Defendant's acquiescence to Claimant's request and the protracted nature of this case, concern over returning the case for

further review by the same ALJ is understandable. Accordingly, the court recommends placing no restrictions on Defendant's selection of an ALJ on remand; however, the court urges that Defendant exercise his discretion in favor of referring the case to a new ALJ.

To the extent Claimant's response can be read as an appeal to the court to order that the ALJ comply with the directives found in both remand orders issued by the Appeals Council, the court cannot fulfill Claimant's request. Regardless of the ALJ's adherence to the directives of the Appeals Council remand order, "this Court's jurisdiction extends only to the final decision of the Commissioner." *Gabaldon v. Barnhart*, 399 F. Supp.2d 1240, 1251 (D.N.M. 2005); *accord Haithcock v. Astrue*, 5:05-CV-717-D (E.D.N.C. Mar. 29, 2007) ("[W]hether the ALJ followed the directives of the Appeals Council remand order is not a reviewable issue."); *Gallegos v. Apfel*, No. 97-2267, 1998 U.S. App. LEXIS 7336, at *3, 1998 WL 166064, at *1 (D.N.M. Apr. 10, 1998) ("Plaintiff's challenge to the ALJ's adherence to the Appeals Council's remand order is not cognizable by this court"); *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992) ("[O]ur statutory jurisdiction is confined to review of the "final decision of the Secretary.") (citing 42 U.S.C. § 405(g)); *but see Pettaway v. Astrue*, No. CA 08-0171-C, 2008 U.S. Dist. LEXIS 98199, at *15-16, 2008 WL 5111175, at *4 (S.D.Ala. Dec. 3, 2008) (remanding for failure to abide by the Appeals Council's instructions). The fact that the decision under review follows two remands by the Appeals Council does not alter the court's jurisdiction.

With respect to the remaining mandates requested by Claimant, the court "is mindful of the Supreme Court's admonition . . . that 'in the absence of substantial justification for doing otherwise, a reviewing court may not, . . . , proceed by dictating to the agency the methods and procedures, and time dimension of the needed inquiry.'" *Travis*, 985 F.2d at 924 (quoting *FPC v.*

5

*Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 333 (1976)). The SSA has promulgated regulations and policy rulings advising the ALJ of his duties in rendering a disability decision. These regulations and rulings include the requirement that the ALJ "explicitly indicate the weight given to all relevant evidence." *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (citations omitted); *see also* 42 U.S.C. § 405(b)(1) (discussing duty of explanation under Social Security Act). Were this court to require the ALJ make specific findings or rely on certain evidence, such action would constitute unwarranted judicial interference into the administrative process. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.") (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Accordingly, to the extent Claimant requests that the court require a specific finding by the ALJ with respect to a sit or stand option or accord particular weight to VE testimony, the court recommends the order for remand not include these mandates. *See Rice v. Shalala*, No. 93-1305, 1 F.3d 1234 (table), 1993 U.S. App. LEXIS 20838, at *14, 1993 WL 1993 WL 309631, at *4 (4th Cir. Aug. 16, 1993) ("We dictate no particular standard by which an ALJ must assign weight to one versus another type of evidence.").

## CONCLUSION

For the reasons stated above, this court RECOMMENDS that this action be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Administration for further proceedings consistent with the Commissioner's Motion to Remand and the opinion of this court. The court recommends further that Claimant's Motion for Judgment on the Pleadings be DENIED AS MOOT.

6

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 9th day of June, 2010.

Robert B. Jones, Jr.
United States Magistrate Judge