IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-292-FL

| | |
|---|---|
| MARY BETH T. LLOYD, )<br>)<br>Plaintiff/Claimant, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security Administration, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on claimant's application for attorney's fees (DE # 26) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for time spent in pursuing a claim for disability benefits. Defendant did not respond to claimant's motion. The court finds this matter now ripe for determination. For the following reasons, the court grants claimant's motion for attorney's fees.

## STATEMENT OF THE CASE

Claimant filed an application for a period of disability, Disability Insurance Benefits and Supplemental Security Income on February 27, 2004, alleging disability beginning October 2, 1999. A hearing was held before an Administrative Law Judge ("ALJ") on June 27, 2006. The ALJ issued a decision denying benefits on July 19, 2006. On December 4, 2006, the Appeals Council vacated the decision and issued the claim to the ALJ for further administrative proceedings. A second hearing before the same ALJ was held on May 15, 2007. On July 19, 2007, the ALJ again issued a decision denying claimant benefits. On July 18, 2008, the Appeals Council again vacated the

ALJ's decision, remanded the case, and ordered a different ALJ to preside over the third administrative hearing held on November 6, 2008. The new ALJ issued a decision denying claimant's request for benefits on December 2, 2008. On April 29, 2009, the Appeals Council denied claimant's request for review.

Having exhausted the administrative process, claimant commenced an action on June 30, 2009, in this court seeking judicial review of the final administrative decision and alleging various errors by the ALJ. Claimant sought judgment on the pleadings, and defendant asked for remand for "further fact finding and analysis." (DE # 17, at 1). Claimant did not oppose remand, but asked that the matter be assigned to a different ALJ to consider various factors regarding her impairments, and specifically requested that the new ALJ consider "the limitation of the requirement of [] claimant's need for a sit/stand option (at will) and the frequency of the requirement." (DE # 21, at 1). The matter was referred to Magistrate Judge Robert B. Jones, Jr., who recommended in Memorandum and Recommendation (M&R) (DE # 23) that claimant's claim be remanded to a new ALJ, and that the order for remand not include the mandates that the ALJ make specific findings regarding the sit or stand option or accord particular weight to vocational expert testimony on this point. (M&R ¶ 6). On July 14, 2010, this court entered an order (DE # 24) denying as moot claimant's motion for judgment on the pleadings, and granting defendant's motion to remand to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for rehearing and further proceedings consistent with the M&R. On August 13, 2010, claimant timely filed a motion for attorney's fees under EAJA (DE # 26). Defendant did not object to claimant's motion.

## ANALYSIS

Under the EAJA, the

> court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A. "Prevailing Party"

The Supreme Court has held that a claimant who obtains a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party for the purpose of awarding attorney's fees under EAJA. Shalala v. Schaefer, 509 U.S. 292, 300 (1993). Claimant obtained a remand under sentence four of 42 U.S.C. § 405(g). (July 14, 2010 Order ¶ 1). Thus, claimant is a prevailing party.

B. "Substantially Justified"

The EAJA states that a prevailing party can receive attorney's fees in a civil action unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The government's "position" encompasses both the prelitigation conduct and the subsequent litigation position. Crawford v. Sullivan, 935 F.2d 655, 656-57 (4th Cir. 1991).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner is prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The government's position is "substantially justified" if it was "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis both in law and fact." Pierce v.

Underwood, 487 U.S. 552, 565 (1988). Whether the government's position is substantially justified is left to the discretion of the court. Id. at 557. The intent behind the EAJA is to "penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of its litigating position." United States v. B&M Used Cars, 860 F.2d 121, 124 (4th Cir. 1988) (quoting Pullen v. Bowen, 820 F.2d 105, 107 (4th Cir. 1987) abrogation on other grounds recognized by Lively v. Brown, 858 F.2d 177, 180 (4th Cir. 1988). The government has the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).

In this case, as noted by the magistrate judge, defendant acknowledges that the ALJ failed to apply the correct standards in evaluating claimant's claim. (M&R ¶ 4.) Twice, the ALJ failed to apply the correct standards and was vacated by the Appeals Council with specific instructions on remand to consider: (1) treating and examining source opinions as to claimant's condition, (2) claimant's subjective complaints, (3) claimant's maximum residual functional capacity, and (4) supplemental evidence from a vocational expert to clarify the effect of assessed limitations on claimant's past work experience and occupational base. (R. at 97-98, 110-11). Because of the ALJ's misapplication of the standards regarding claimant's claim, claimant has been involved in protracted litigation of this matter spanning a period of nearly six years. Government contends that the ALJ failed to apply the correct standards to claimant's claim, and has not opposed claimant's motion for attorney's fees.[1] This court finds that the government's position was not substantially justified. Furthermore, claimant has asked for a reasonable amount and the court sees no special circumstances

---

[1] The fact that defendant failed to oppose claimant's motion for attorney's fees supports granting claimant's motion. See Harris v. Sec'y, Dept. of Heath and Human Servs., 792 F.Supp. 1014, 1016 (E.D.Va. 1991) (noting that magistrate judge's finding that government's position was not substantially justified was "supported by the fact that the government never opposed the EAJA motion.").

4

that would make the award unjust. Accordingly, this court finds that claimant is entitled to attorney's fees under the EAJA.

## CONCLUSION

For the foregoing reasons, claimant's motion for attorney's fees (DE # 26) is GRANTED. Specifically, claimant is awarded $8,647.47, which includes expenses for attorney time in 2009 and 2010, legal assistant time, and the expenses of litigation. Accordingly, a judgment will be entered awarding claimant total fees and expenses in this case in the amount of $8,647.47, pursuant to 28 U.S.C. § 2412.

SO ORDERED, this the 5th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

5

Case 5:09-cv-00292-FL    Document 28    Filed 10/06/10    Page 5 of 5